By the Court :
The vacancy in the office of clerk of the court of common pleas is said to have resulted from the amendment of April 30, 1902, of Section *305 1240, Revised Statutes (95 O. L., 332). At the time of the election of the defendant that section provided: “There shall be elected triennialiy in each county, a clerk of the court of common pleas, who shall hold his office three years, beginning on the first Monday of August next after the expiration of the term of office of his predecessor.” The amendment of April 30, 1902, made after the election of Linn as the defendant’s successor in office, consisted in the Substitution of January for August in the section, and making the following addition: “Provided, however, that successors to clerks of courts of common pleas whose present terms of office expire in 1903, shall be elected at the next general election following the enactment hereof, and thereafter clerks of the courts of common pleas shall be elected at the general election next preceding the beginning of their official terms as fixed by this act.”
The amendment is ineffectual to postpone the beginning of the official term of one previously elected to the office pursuant to statutes then in force. It is ordained in section 16 of article 4 of the constitution: “There shall be elected in each county, by the electors thereof, one clerk of the court of common pleas, who shall hold his office for the term of three years, and until his successor shall be elected and qualified.” The express provision that the clerk shall hold for the term of three years is not clearer than the implication that he shall not hold longer if his successor has been elected and qualified. Within the requirements of the constitution, county officers are to be elected by the electors of the state, and the general assembly is without power to create an interval between the official terms of persons elected to such office. These propositions are sufficiently established by The State *306 ex rel. the Attorney General v. Heffner, 59 Ohio St., 368; State ex rel. the Attorney General v. Beal, 60 Ohio St., 208. The amending act of April 30, 1902, including its repealing section, is wholly void, and Section 1240, Revised Statutes, stands as though such amendment had not been attempted.

Judgment of ouster and induction.

Burket, C. J., Davis, Shauck, Price and Crew, JJ., concur.